UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRINCE PAUL RAYMOND WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>FRESNO COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES, et al.,<br><br>Defendants. | Case No. 1:21-cv-00434-NONE-EPG<br><br>SCREENING ORDER<br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A SECOND AMENDED COMPLAINT; OR<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS FIRST AMENDED COMPLAINT<br><br>(ECF No. 5)<br><br>THIRTY-DAY DEADLINE |

Plaintiff Prince Paul Raymond Williams ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this action. Plaintiff filed the Complaint commencing this action on March 16, 2021. (ECF No. 1.) On April 6, 2021, before the Court screened Plaintiff's complaint, Plaintiff filed a First Amended Complaint ("FAC"). (ECF No. 5.) The FAC's claims relate to various child support and wage and income withholding orders issued by the state court. (*Id.*) The Court finds that the Complaint fails to state any cognizable claims.

After Plaintiff reviews this order, Plaintiff can decide to file an amended complaint, which the Court will screen in due course. Plaintiff can also notify the Court that he wants to stand on

his complaint, in which case this Court will issue findings and recommendations to the district judge assigned to the case recommending that Plaintiff's complaint be dismissed for the reasons in this order. If Plaintiff does not file anything, the Court will recommend that the case be dismissed.

## I. SCREENING REQUIREMENT

As Plaintiff is proceeding *in forma pauperis*, the Court screens this complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

## II. ALLEGATIONS IN THE COMPLAINT

Plaintiff's complaint alleges as follows:

On October 17, 2012, attorney John Dyer "brought forth false claims of debt owed" while Commissioner Jamileh L. Schwartzbart, Court Clerk E. Lozano, and Deputy C. Centeno were present and Commissioner Schwartzbart entered "an uncontested and unconstitutional administrative order" in *Raenna Johnson v. Prince Paul Raymond Williams,* Case No.

2

11CEFL1829, in the Superior Court of California for the County of Fresno. On November 7, 2012, attorney John Dyer "brought forth false claims of debt owed" with Commissioner Schwartzbart, Court Clerk D. Flautz, and Deputy C. Centeno present and Commissioner Schwartzbart entered "an uncontested and unconstitutional administrative order" *Raenna Johnson v. Prince Paul Raymond Williams,* Case No. 11CEFL1829, in the Superior Court of California for the County of Fresno. On January 6, 2015, attorney Maria L. Costa "brought forth false claims of debt owed" with Commissioner Leanne Le Mon, Court Clerk A. Livesay, and Deputy T. MCutcheon present, and Commissioner Le Mon entered "an uncontested and unconstitutional administrative order" in *County of Fresno v. Prince Paul Raymond Williams,* Case No. 14CEFS01741, in the Superior Court of California for the County of Fresno.

On October 3, 2017, February 20, 2018, September 1, 2018, and January 21, 2021, D. Villagrana,. J. Vista, Tiffany Brubeck, Ka Moua, Janet Ziadeh, and another unnamed "child support representative" for Fresno County Department of Child Support Services claimed to be a "Judge/Issuing Official" and sent an income withholding order to Plaintiff's former employer "without a wet signature from a judge."  In November of 2019, after Plaintiff questioned both "SOLANO, FRESNO COUNTY OF DEPARTMENT OF CHILD SUPPORT SERVICES" and his former employer about the withholding of his earned wages, Plaintiff suffered an eviction because he could not afford to pay for living expenses.

On December 23, 2019, Plaintiff received a letter from Denice Ponce claiming that her "office follows the Title IV of Security Act, Section 459, which permits the issuance of a wage withholding in order to enforce a child support order." Plaintiff sent a complaint to the Fresno County of Department of Child Support Services on January 13, 2020, providing "notice . . . that Plaintiff had not been afforded the necessary safeguards of due process." Plaintiff received a letter on January 21, 2020, from Kari Gilbert and/or Lisa Sprague, claiming that there was insufficient evidence that Plaintiff had been discriminated against. On December 29, 2020, January 20, 2021, and February 11, 2021, Plaintiff sent notices to "SOLANO, FRESNO COUNTY OF DEPARTMENT OF CHILD SUPPORT SERVICES, with the sole purpose to resolve the matter(s)." On January 26, 2021, Plaintiff received a letter from Janet Siadeh containing false claims of an "arrears balance of $1,142.56."

On February 23, 2021, attorney Michael Varin "brought forth claims of a debt owed" with Commissioner Jennifer Hamilton and Deputy Bezaleel Carrillo present. Plaintiff made a special appearance to resolve the claims in *Raenna Johnson v. Prince Paul Raymond Williams* and *County of Fresno v. Prince Paul Raymond Williams.* Commissioner Hamilton called the matter at approximately 8:30 a.m. Plaintiff asked Commissioner Hamilton and Attorney Varin to "have either a living man or woman provide written proof of the Court's delegation of authority over Plaintiff, as well as written proof that Plaintiff was in an Article 3 Court of law. Plaintiff's requests were disregarded by all acting officials." Commissioner Hamilton asked Plaintiff to step outside and Plaintiff refused "as personal jurisdiction was not established." Deputy Bezaleel Carrillo, Deputy Javier Rivera, and Deputy Raul Cervantez surrounded Plaintiff "using intimidation tactics to force Plaintiff out of the courtroom" and Deputy Carrillo attempted to take Plaintiff's cell phone from his hand. Plaintiff attempted to reenter the courthouse only to be "wrongfully denied re-entry by Rivera" and when Plaintiff asked why he could not enter, Rivera stated that Plaintiff was "done dude" without any further explanation.

On March 1, 2021, Plaintiff received a letter from Monica Cantu "claiming a false debt owed . . . in the amount of $338 per month with court-ordered arrears payment of $25 per month, and a total balance owed of $13,067.17." On March 5, 2021, Plaintiff received a letter from Monica Morales stating, "Court hearing dated 2/23/2021 regarding Earnings Assignment, notes are showing that the Motion was denied." On March 9, 2021, Plaintiff received a letter from Lisa Sprague "claiming a false debt owed." On March 24, 2021, Plaintiff received a letter from Janet Ziadeh stating "Our Office has sent a written request to STATE STREET, in order to obtain income verification."

As of March 30, 2021, "Plaintiff has not been provided a resolution or minute orders by a court of competent jurisdiction regarding the matter, with a wet ink signature from a judge." As of March 30, 2021, "SOLANO, FRESNO DEPARTMENT OF CHILD SUPPORT SERVICES has continued to send statements to Plaintiff's home, claiming a false debt[.]"

Plaintiff names twenty-six individuals whom he alleges are all "agents of SOLANO, FRESNO COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES" as defendants. The complaint asserts claims for defamation, fraud, negligence, and intentional infliction of emotional

distress and is interspersed with references to a variety of state and federal statutes, constitutional amendments, and case law.

### III. ANALYSIS OF PLAINTIFF'S CLAIMS

#### A. Pleading Standards

As set forth above, Federal Rule of Civil Procedure 8(a) ("Rule 8(a)") requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint is not required to include detailed factual allegations, it must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). It must also contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Moreover, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77.

A court may dismiss a complaint for failure to comply with Rule 8(a) if it is "verbose, confusing and conclusory." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981); *Brosnahan v. Caliber Home Loans, Inc.*, 765 F. App'x 173, 174 (9th Cir. 2019). Additionally, a court may dismiss a complaint for failure to comply with Rule 8(a) if it is "argumentative, prolix, replete with redundancy, and largely irrelevant." *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

Plaintiff's complaint violates Rule 8(a). The allegations in the FAC are confusing and unclear, making it difficult for the Court to determine what, if any, cognizable claims are included in the FAC. Although the Federal Rules employ a flexible pleading policy, Plaintiff must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. It is Plaintiff's duty to articulate his claims, not the Court's or the defendants' duty to try to decipher what claims Plaintiff is asserting in the action.

It is unclear what entities and individuals Plaintiff is attempting to name as defendants. In the caption of the FAC, Plaintiff names "SOLANO, FRESNO COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES" but, where Plaintiff provides a list of the defendants, Plaintiff does not include this defendant. Instead, the FAC lists twenty-six individuals, including what

appear to be various attorneys, state court staff, and "Child Support Representative[s]" as defendants. Additionally, in the portion of the FAC where Plaintiff sets forth his claims, he only identifies "BRUBECK, CANTU, Costa, DYER, MORALES, MOUA, PONCE, SPRAGUE, VARIN, VILLAGRANA, VISTA, and ZIADEH" as defendants. There are no allegations pertaining to what, if anything, many of the individuals named as defendants did. Further, it is unclear whether "SOLANO, FRESNO COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES" is intended to refer to one entity or two different entities, *i.e.* the Child Support Services department for the County of Solano and/or the Child Support Services department for the County of Fresno.

The FAC also lists various issues related to child support and wage and earning withholding orders, contains several legal conclusions regarding the validity of those orders, and cites to a variety of state and federal statutes, constitutional provisions, and case law. The FAC is concerned primarily with descriptions of various child support proceedings including who was present for those proceedings, who sent letters to Plaintiff, and when those events occurred. However, it does not clearly state Plaintiff's federal claims and many of Plaintiff's conclusions regarding the validity of the state court orders lack factual support as to how his due process rights were violated or in what way they are "false" or "fraudulent." Taken as a whole, the Court cannot determine what, if any, cognizable claims Plaintiff is attempting to bring in the FAC and against which defendant(s).

The requirement of a clear and plain statement is especially important in this case because this Court is not an appellate court for the state superior court. This Court does not review whether the state superior court acted properly according to its own rules and procedures. If Plaintiff wishes to challenge a decision from a state superior court, he must file an appeal with the state appellate court (which may be subject to time limitations and other rules).

The Court will grant Plaintiff leave to amend his complaint so that he can state his claims more clearly. If Plaintiff chooses to amend his complaint, he must allege facts and a cause of action that outlines his claims. Plaintiff must allege the who, what, when, where, and why of his claim against each of the defendants. Simply listing the parties and providing unclear recitations of legal terms and statutory provisions is not sufficient.

**B.     Legal Standards**

The Court will grant Plaintiff leave to amend. In the event Plaintiff amends his complaint, the Court provides the following legal standards which may be relevant to his action:

1.      Federal Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and their power to adjudicate is limited to that granted by Congress. *U.S. v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000). Federal courts are presumptively without jurisdiction over civil actions, and the burden to establish the contrary rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Generally, there are two bases for subject matter jurisdiction: 1) diversity jurisdiction; and 2) federal question jurisdiction.  28 U.S.C. §§ 1331, 1332.

Pursuant to 28 U.S.C. § 1332, federal district courts have diversity jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000," and where the matter is between "citizens of different states." 28 U.S.C. § 1332(a)(1).

Pursuant to 28 U.S.C. § 1331, federal district courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

The FAC states that federal question and diversity jurisdiction both exist in this action. As to federal question jurisdiction, the FAC appears to only allege state law claims for defamation, fraud, negligence, and intentional infliction of emotional distress. Although the complaint cites to various federal statutes, it is not clear which, if any, of these references are intended to allege a claim against the named defendants or what the basis of those claims may be. As to diversity jurisdiction, Plaintiff alleges that he and all defendants reside in California. Therefore, there is no

diversity of citizenship. If Plaintiff elects to amend his complaint, he must allege facts establishing the existence of subject matter jurisdiction to proceed in federal court.

2. Section 1983

Although the FAC does not appear to allege a claim for violation of 42 U.S.C. § 1983, the Civil Cover Sheet filed with the initial complaint cited to § 1983 as one of the statutes under which Plaintiff was filing. (*See* ECF No. 1-1.) Section 1983, known as the Civil Rights Act, provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also Chapman v. Houston Welfare Rights Org*., 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs*., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183

(quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would support a claim that the supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

    a.    *State Actor Requirement in Section 1983*

Section 1983 imposes civil liability on an individual who "under color [of state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Private

parties are not generally acting under color of state law for the purposes of § 1983. *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) ("Careful adherence to the 'state action' requirement preserves an area of individual freedom by limiting the reach of federal law and federal judicial power. It also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed").

Nevertheless, in some circumstances, the actions of a private actor may render them liable under § 1983. Under the "public function test," private individuals or entities may be deemed state actors for purposes of § 1983 when they perform a public function that has been "traditionally the exclusive prerogative of the State." *Rendell–Baker v. Kohn*, 457 U.S. 830, 842 (1982) (citations and quotation marks omitted; emphasis in original). "That a private entity performs a function which serves the public does not make its acts state action." *Id.*

Under the joint action test, a private individual may be liable as a state actor under § 1983 if he or she was part of a conspiracy or was a "willful participant in [other] joint action" with a state actor that caused the constitutional violation. *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002). "To prove a conspiracy between private parties and the government under § 1983, an agreement or 'meeting of the minds' to violate constitutional rights must be shown." *Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983). "To be liable as a co-conspirator, a private defendant must share with the public entity the goal of violating a plaintiff's constitutional rights." *Franklin,* 312 312 F.3d at 445. "The Ninth Circuit requires a 'substantial degree of cooperation' between the government and a private citizen before finding such a conspiracy." *Annan-Yartey v. Honolulu Police Dep't*, 475 F.Supp.2d 1041, 1046 (D. Haw. 2007)(quoting *Franklin*, 312 F.3d at 445).

Although Plaintiff alleges that all of the individual defendants are "agents of SOLANO, FRESNO COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES," it is unclear whether all of these individuals are officers or employees of a governmental entity or whether some may be private actors. For example, some individuals are described as a "Child Support Attorney," but it is unclear whether these individuals are attorneys for "Solano, Fresno County Department of Child Support Services" or for private parties. Likewise, there is no description of defendant Raenna Johnson's relationship to "Solano, Fresno County Department of Child Support

Services." If Plaintiff amends his complaint, any claim pursuant to § 1983 should allege facts establishing whether each defendant is a state or private actor and whether any private actors' conduct is fairly attributable to the government.

        b.      *Municipal Liability in Section 1983*

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694. Instead, a governmental entity may be held liable under § 1983 only where a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights. *Id*. ("Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.").

To state a claim for governmental entity liability under § 1983, a plaintiff must allege facts demonstrating "(1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation." *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (internal quotation marks and citation omitted; alterations in original).

Plaintiff has not alleged that any policy or custom of "Solano, Fresno County Department of Child Support Services" caused him injury. If Plaintiff chooses to file an amended complaint and is claiming that a governmental entity has a policy or custom giving rise to liability under § 1983, he must include facts in his amended complaint showing that he was deprived of a constitutional right; that the governmental entity has a policy; that this policy is deliberately indifferent to Plaintiff's constitutional rights; and that the policy is the reason or "moving force" behind the violation of Plaintiff's constitutional rights.

        3.      The *Rooker-Feldman* Doctrine

Under the *Rooker-Feldman* doctrine, a party may not seek appellate review in federal court of a decision made by a state court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Typically, the *Rooker-*

*Feldman* doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in which a party losing in state court seeks what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the losers' federal rights. *Doe v. Mann*, 415 F.3d 1038, 1041-42 (9th Cir. 2005); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (the *Rooker-Feldman* doctrine precludes a district court from appellate review of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceeding commenced[.]"). Accordingly, the district court lacks jurisdiction over "claims . . . 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) (citing *Feldman*, 460 U.S. at 483, 485); *see, e.g., Moore v. County of Butte*, 547 Fed. Appx. 826, 829 (9th Cir. 2013) (finding a plaintiff's claims challenging the outcome of custody proceedings were properly dismissed); *Rucker v. County of Santa Clara, State of California*, 2003 WL 21440151, at *2 (N.D. Cal. June 17, 2003) (finding the plaintiff's claims were "inextricably intertwined" with the state court's rulings where the plaintiff "challenge[d] his original child support order on jurisdictional grounds, dispute[d] his total child support arrearages, and allege[d] that Santa Clara County's garnishment order against his disability benefits payments is invalid"); *see also Ignacio v. Judges of U.S. Court of Appeals*, 453 F.3d 1160, 1165-66 (9th Cir. 2006) (affirming the district court's dismissal of the case "because the complaint is nothing more than another attack on the California superior court's determination in [the plaintiff's] domestic case").

   To the extent Plaintiff is asking this Court to review the child support and wage and earning withholding orders issued by the state court, under the *Rooker-Feldman* doctrine, this Court lacks jurisdiction (authority) to review and reverse a state court's decision. Accordingly, any claim seeking to reverse the state court orders cannot proceed in this federal court. To the extent Plaintiff seeks to have the state court decision reviewed, he must do so by filing a timely appeal from that decision in a state appellate court.

\\\

### 4. State Law Claims

Under the California Tort Claims Act ("CTCA"), a party seeking to recover money damages from a public entity or its employees must submit a timely claim to the entity before filing suit in court. *See* Cal. Gov't Code §§ 905, 911.2, 945.4, and 950.2. Timely presentation of claims subject to the CTCA is not merely a procedural requirement but is an element of the plaintiff's cause of action. *Shirk v. Vista Unified School District*, 64 Cal.Rptr.3d 210, 216 (2007). A plaintiff may bring its action against a public entity and its employees only after the entity has acted upon or is deemed to have rejected the plaintiff's claims. *See id*; *see also Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir. 1995) ("The California Tort Claims Act requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim and the rejection of the claim in whole or in part.").

A plaintiff asserting a claim that is subject to the CTCA must affirmatively allege in his complaint that he complied with the CTCA's claims presentation procedure or circumstances excusing such compliance. *See Shirk*, 64 Cal. Rptr. 3d at 216; *State of California v. Superior Court (Bodde)*, 13 Cal. Rptr. 3d 534, 541 (2004) (plaintiff must allege facts "demonstrating or excusing compliance with the claim presentation requirement"). Compliance with the CTCA "is mandatory and failure to file a claim is fatal to the cause of action." *City of San Jose v. Superior Court*, 115 Cal. Rptr. 797, 802 (1974) (internal citation omitted). The requirement to affirmatively allege facts demonstrating or excusing compliance with the CTCA's claims presentation requirement applies in federal court. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

Here, Plaintiff is asserting various state law claims seeking to recover money damages from what appears to be a public entity and public employees. Plaintiff has not alleged facts demonstrating that he complied with, or excusing his compliance with, the CTCA claims presentation requirement for these state law claims. If Plaintiff amends his complaint, he should allege facts demonstrating he complied with the CTCA or was excused from compliance.

## IV. CONCLUSION AND ORDER

The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable claim.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint, so that Plaintiff can provide additional factual allegations. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days.

If Plaintiff chooses to amend his complaint, in his amended complaint he must state what each named defendant did that led to the deprivation of his constitutional or other federal rights. Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Plaintiff has a choice on how to proceed. Plaintiff may file an amended complaint if he believes that additional true factual allegations would state cognizable claim(s). If Plaintiff files an amended complaint, the Court will screen that complaint in due course. Alternatively, Plaintiff may choose to stand on his complaint subject to the Court issuing findings and recommendations to a district judge consistent with this order.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall either:
   a. File a Second Amended Complaint; or
   b. Notify the Court in writing that he wants to stand on this complaint;
2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to case number 1:21-

cv-00434-NONE-EPG; and

3. <u>Failure to comply with this order may result in the dismissal of this action</u>.

IT IS SO ORDERED.

Dated: __**April 21, 2021**__                    /s/ *Erica P. Grosjean*
                                                     UNITED STATES MAGISTRATE JUDGE